UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER D.,

              Plaintiff,

v.                                                                                          8:20-CV-1256
                                                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| COLLINS & HASSELER, PLLC<br>  Counsel for the Plaintiff<br>225 State Street<br>Carthage, New York 13619 | LAWRENCE D. HASSELER, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | MOLLY CARTER, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on March 16, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 16) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 21, 2022
      Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
D

vs.                   8:20-CV-1256

COMMISSIONER OF SOCIAL SECURITY

_____



                  Transcript of Decision & Order

                       March 16, 2022

                     Telephone Conference



          The HONORABLE MIROSLAV LOVRIC Presiding




                      A P P E A R A N C E S



For Plaintiff:     LAWRENCE HASSELER, ESQ.

For Defendant:     MOLLY CARTER, ESQ.


                   Ruth I. Lynch, RPR, RMR, NYSRCR
                    Official United States Court Reporter
                   Binghamton, New York  13901
```

1          THE COURT:  So I want to begin by indicating that
2    Plaintiff has commenced this proceeding pursuant to 42 U.S.
3    Code Section 405(g) to challenge the adverse determination
4    by the Commissioner of Social Security finding that she was
5    not disabled at the relevant times and therefore ineligible
6    for the benefits that she sought.
7          By way of background, the Court notes as follows:
8    Plaintiff was born in 1977.  She is currently 44 years of
9    age.  She was approximately 40 years old at the alleged
10   onset of her disability on January 11, 2018.
11         Plaintiff lives with her husband and minor
12   daughter in a single family home.
13         Plaintiff stands approximately 4 feet 11 inches,
14   weighs approximately 172 pounds.
15         Plaintiff left high school during the 12th grade
16   without graduating and can communicate in English.
17         Plaintiff has past relevant work as a cashier and
18   a supervisor of a retail store.
19         Plaintiff suffers from several impairments
20   including systemic lupus erythematous, also commonly
21   referred to as SLE; fibromyalgia, depression, anxiety, and
22   panic disorder.
23         As of March 20th, 2019, Plaintiff was prescribed
24   Lorazepam, Hydroxychloroquine, Omeprazole,
25   Amitriptyline HCL, and Vanlafaxine.

1  Plaintiff's activities of daily living include
2  selling candles and warmers through Facebook without leaving
3  her house, which requires around ten hours per week of work.
4  She has a driver's license but has a problem operating the
5  vehicle with her arms falling asleep, arms hurting, and
6  anxiety that requires her to find a bathroom frequently.
7  Plaintiff also testified that she feels anxiety when anyone
8  else is driving.
9  The procedural history of the case that the Court
10 notes is as follows:  Plaintiff applied for Title II and
11 Title XVIII benefits on March 27th of 2018, alleging an
12 onset date of January 11th, 2018.
13 In support of her claim for disability benefits,
14 Plaintiff claims disability based on lupus, fibromyalgia,
15 neuropathy, carpal tunnel, bad left hip, irritable bowel
16 syndrome, pelvic nerve damage, rheumatoid arthritis, panic
17 disorder, social anxiety disorder, bells palsy, GERD, and
18 incontinence.
19 Now, the Administrative Law Judge Tracy LaChance
20 conducted a hearing on October 3rd, 2019, to address
21 Plaintiff's application for benefits.  ALJ LaChance issued
22 an unfavorable decision on November 29th of 2019.  That
23 became a final determination of the Agency on
24 September 23rd, 2020, when the Social Security
25 Administration Appeals Council denied Plaintiff's

application for review.

This action was commenced on October 12, 2020, and it is timely.

Now, in her decision, ALJ LaChance applied the familiar five-step test for determining disability.

At step one she concluded that Plaintiff had not engaged in substantial gainful activity since January 11th, 2018, the alleged onset date.

At step two the ALJ concluded that Plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work activities, specifically noting SLE, fibromyalgia, depression, anxiety, and panic disorder.

At step three ALJ LaChance concluded that Plaintiff's conditions do not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, and the ALJ focused on listing 12.04 that deals with depressive, bipolar, and related disorders; and listing 12.06, anxiety and obsessive compulsive disorders.

Before proceeding to step four, the ALJ determined that Plaintiff retains the residual functional capacity, also known as RFC, to perform sedentary work as defined in 20 CFR 404.1567(a) except that Plaintiff can lift and carry 10 pounds occasionally and less than 10 pounds frequently.

1  The ALJ also noted that the plaintiff can stand and walk for
2  up to 2 hours and sit for up to 6 hours in an 8-hour
3  workday.  The ALJ further noted Plaintiff needs to stand for
4  2 to 3 minutes for every 30 minutes of sitting.  She can
5  never climb ladders, ropes, or scaffolds.  The ALJ noted she
6  can occasionally climb ramps and stairs, balance, stoop,
7  kneel, crouch, and crawl.  She can frequently handle
8  bilaterally.  She must avoid all exposure to extreme cold
9  and even moderate exposure to extreme heat and humidity.
10 The ALJ also noted that the plaintiff should avoid all work
11 at unprotected heights and dangerous machinery.  She,
12 Plaintiff, is limited to simple tasks in 2-hour blocks,
13 occasional interaction with the public, and occasional
14 changes in routine.
15          At step four the ALJ concluded that Plaintiff
16 could not perform her past relevant work as cashier checker
17 or retail store manager.  The ALJ therefore proceeded to
18 step five.
19          At step five the ALJ concluded that considering
20 her age, education, work experience, and RFC that there are
21 jobs that exist in significant numbers in the national
22 economy that Plaintiff can perform, including representative
23 occupations of addressing clerk and document preparer.  As a
24 result, the ALJ concluded that Plaintiff had not been under
25 a disability as defined in the Social Security Act from

1 | January 11, 2018, through the date of her decision.
2 |      Now, as the parties know, this Court's functional
3 | role in this case is limited and extremely deferential.  I
4 | must determine whether correct legal principles were applied
5 | and whether or not the determination is supported by
6 | substantial evidence, which is defined as such relevant
7 | evidence as a reasonable mind would find sufficient to
8 | support a conclusion.  As the Second Circuit noted in case
9 | called Brault V. Commissioner of Social Security, that's
10 | found at 683 F.3rd 443, 2012 case, the Second Circuit noted
11 | therein that the standard is demanding, more so than the
12 | clearly erroneous standard.  The Court in Brault noted that
13 | once there is a finding of fact, that fact can be rejected
14 | only if a reasonable fact-finder would have to conclude
15 | otherwise.
16 |      Now, Plaintiff raises five contentions on appeal.
17 | First, Plaintiff argues that the ALJ failed to properly
18 | consider the medical opinions in the record.  More
19 | specifically, Plaintiff argues that the ALJ assigned the
20 | opinion of Dr. S. Gandhi, MD, a nontreating, nonexamining
21 | physician, who is not an expert in fibromyalgia, that the
22 | ALJ assigned persuasive weight, while she cherry picked
23 | portions of the opinion of Physician Assistant Mr. James
24 | Horrocks and assigned it partially persuasive weight.
25 |      Plaintiff's second argument, Plaintiff argues that

the ALJ substituted her own judgment for that of a physician when the ALJ accepted almost all of Mr. Horrocks' opinion on Plaintiff's limitations that are consistent with her conclusion that Plaintiff can perform sedentary exertional work but dismissed that portion of his opinion concerning greater limitations.

Plaintiff's third argument in this action is that the ALJ failed to adequately evaluate Plaintiff's fibromyalgia and its effects on her ability to work.

Plaintiff's fourth argument argues that the ALJ failed to properly evaluate Plaintiff's credibility and subjective complaints of her disabling symptoms.

And, fifth, Plaintiff also argues that the ALJ failed to properly assess her RFC because the ALJ did not provide an explanation as to where the ALJ derived limitations that Plaintiff must stand for 2 to 3 minutes every 30 minutes while sitting or is limited to simple tasks in 2-hour blocks.

Now, the Court's analysis is as follows:

First, I find that substantial evidence does support the ALJ's findings regarding the medical opinions of record.  In this case Plaintiff's application was filed after March 27th, 2017, thus the Social Security Agency will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior

administrative medical findings, including those from the claimant's own medical sources.  The two most important factors the ALJ must consider in determining the persuasiveness of the medical opinion are, one, supportability, and, two, consistency.

Here, in this case, the ALJ found Dr. Gandhi's opinion to be well persuasive because his opinion was based upon a thorough review of the available medical records and a comprehensive understanding of the agency rules and regulations.  In addition, the ALJ concluded that Dr. Gandhi's opinion was internally consistent and well supported by a reasonable explanation and the available evidence.  Notwithstanding this, the ALJ acknowledged that Dr. Gandhi is a nontreating and nonexamining medical source.

Now, Dr. Gandhi's opinion cited Plaintiff's St. Lawrence Health System medical records dated January 22, 2018, and March 14th, 2018, noting that Plaintiff's fibromyalgia symptoms were improving on Neurontin and her neurological examinations were normal.  In addition, Dr. Gandhi discussed CE Dr. Lorensen's examination, during which Plaintiff exhibited a normal gait, full range of motion of the cervical spine, reduced lumbar flexion but otherwise full lumbar range of motion, negative straight leg raise testing bilaterally, stable and nontender joints, intact hand and finger dexterity, and full extremity and

grip strength bilaterally.

The Court notes Plaintiff failed to identify evidence that her condition deteriorated after June 13th of 2018, such that Dr. Gandhi's opinion could reasonably be deemed stale.  In addition, for the reasons stated in Defendant's brief, I find that the record does not support a finding of significant or worsening of any of Plaintiff's conditions since Dr. Gandhi's review of the medical records.

Regarding Physician Assistant Mr. Horrocks' opinion, the ALJ reasonably found it was partially persuasive because Mr. Horrocks' opinion regarding Plaintiff's time off task, unscheduled breaks, and absences were unsupported by objective medical findings.  Instead the single treatment note in the record from Mr. Horrocks indicated no synovitis and intact neurological functioning. Further, Mr. Horrocks' check-box assessment form did not explain how he reached the limitations, and his treatment notes do not support the limitations.

Second, the ALJ is permitted to adopt portions of an opinion that are consistent with or supported by the evidence and reject those that are not.  For the reasons I stated with rejecting Plaintiff's first argument, I find that the ALJ supportably adopted the opinion of Mr. Horrocks regarding Plaintiff's exertional, postural, and environmental limitations and Dr. Gandhi's opinion regarding

1   Plaintiff's work pace and continuity.
2              Third, the ALJ properly evaluated the effect of
3   Plaintiff's fibromyalgia and its effect on her ability to
4   work.  The ALJ found that Plaintiff had severe impairments
5   which included fibromyalgia; however, as Defendant
6   identified, fibromyalgia is not per se disabling.  The ALJ
7   found persuasive the opinion of Dr. Gandhi who reviewed the
8   record related to Plaintiff's fibromyalgia and lupus and
9   found that she could do a reduced range of sedentary work.
10             Fourth, the ALJ properly evaluated Plaintiff's
11  credibility and subjective complaints of disabling symptoms.
12  This Court notes that it is the function of the
13  Commissioner, not the reviewing courts, to resolve
14  evidentiary conflicts and to appraise the credibility of
15  witnesses, including the claimant, and that if there is --
16  and if there is substantial evidence in the record to
17  support the Commissioner's findings, the Court must uphold
18  the ALJ's decision to discount a claimant's subjective
19  complaints of pain.
20             Here, in this case, the ALJ found that Plaintiff's
21  subjective allegations could reasonably be expected to cause
22  the alleged symptoms.  However, her statements concerning
23  the intensity, persistence, and limiting effects of the
24  symptoms are not entirely consistent with the medical
25  evidence and other evidence in the record.  In support, the

```
1    ALJ noted, one, that Plaintiff had engaged in substantial
2    gainful activity while having impairments SLE and from
3    fibromyalgia before the alleged onset date.  Two,
4    Dr. Lorensen's examination findings which included a normal
5    gait and full cervical range of motion.  Three, normal
6    pulmonary function tests.  Four, largely normal mental
7    status examinations.  And, five, evidence of range of
8    motions and joints without swelling, effusion, or synovitis.
9    In addition, Plaintiff's testimony regarding her activities
10   of daily living conflicted with reports that she made to
11   consultative examiners about her daily activities.
12              Fifth, the Court notes the ALJ supportably
13   determined Plaintiff's RFC, more specifically the ALJ
14   properly assessed Plaintiff's sit/stand limitations, the
15   opinions of Dr. Gandhi and Mr. Horrocks support the ALJ's
16   finding that Plaintiff needed a sit/stand option.  In
17   addition, Mr. Horrocks opined that Plaintiff would be
18   limited to low stress work and Dr. Noia opined the Plaintiff
19   would have no limitations in sustaining concentration or
20   performing tasks at a consistent pace.
21              These opinions support the ALJ's findings that
22   Plaintiff could do simple tasks.  As a result, Plaintiff has
23   failed to show that substantial evidence does not support
24   the RFC and that greater restrictions were required.
25              Based upon all of this and the record before the
```

```
 1   Court, and as a result of the analysis that I just set
 2   forth, it is the decision of this Court that Plaintiff's
 3   motion for judgment on the pleadings is denied.  Defendant's
 4   motion for judgment on the pleadings is granted.
 5   Plaintiff's complaint is hereby dismissed, and the
 6   Commissioner's decision denying Plaintiff benefits is
 7   hereby affirmed.
 8                          - - - - -
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```